THEODORE B. STOLMAN (State Bar No. 52099),
MARINA FINEMAN (State Bar No. 193065),
CHRISTINE M. PAJAK (State Bar No. 217173), and
H. ALEXANDER FISCH (State Bar No. 223211), Members of
STUTMAN, TREISTER & GLATT PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
E-mails: tstolman@stutman.com
mfineman@stutman.com
cpajak@stutman.com
afisch@stutman.com

[Proposed] Reorganization Counsel for Debtors and Debtors in Possession

Debtors' Mailing Address:
100 North Barranca Avenue, Suite 900
West Covina, California 91791

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES**

| | |
|---|---|
| In re:<br><br>HASSEN REAL ESTATE PARTNERSHIP, a California limited partnership,<br><br>EASTLAND TOWER PARTNERSHIP, a California limited partnership,<br><br>Debtors.<br><br>Tax I.D. Nos. 95-3970215 and 95-3970217 | Case No.: 2:11-bk-25499-RN<br><br>Chapter 11<br><br>***EX PARTE* MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION**<br><br>[No Hearing Required] |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS' CREDITORS, AND OTHER PARTIES IN INTEREST:**

Hassen Real Estate Partnership ("**HREP**") and Eastland Tower Partnership ("**ETP**"), the debtors and debtors in possession in the above-captioned cases (together, the "**Debtors**"), hereby move (the "**Motion**") the Court, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1(b) of the Local Bankruptcy Rules (the "**Local Rules**"), for entry of an order, in the form annexed hereto as Exhibit "1", directing the joint administration and procedural consolidation of their chapter 11 cases. The Debtors propose that all pleadings relating to these cases be filed and maintained by the Court clerk under a single pleading docket for both of the Debtors' cases, using a joint caption page in the form attached hereto as Exhibit "2". The Debtors further request that, pursuant to Rule 1015-1(b)(1) of the Local Rules, the Court grant this *ex parte* relief without a hearing. *See* LBR 1015-1(b)(1).

This Motion is based on the Memorandum of Points and Authorities below, the evidence contained in the "Declaration Of Tarek Alhassen In Support Of First Day Motions" filed concurrently herewith, and the record in these cases.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto as Exhibit "1", pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1(b) authorizing the joint administration of their cases. The Debtors further request that such order direct that all pleadings relating to any of the Debtors' cases: (i) bear a joint caption, substantially in the form of Exhibit "2" attached hereto, (ii) be maintained by the court clerk under a single pleading docket in the ETP bankruptcy case, and (iii) provide such other and further relief as this Court deems just and necessary.

DATED: April 10, 2011

*/s/ Christine M. Pajak*

THEODORE B. STOLMAN,
MARINA FINEMAN,
CHRISTINE M. PAJAK, and
H. ALEXANDER FISCH, Members of
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
[Proposed] Reorganization Counsel for Debtors and Debtors in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

### A. Petition Date and Jurisdiction.

On April 10, 2011 (the "**Petition Date**"), the Debtors commenced the above-captioned cases by filing voluntary petitions under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are continuing to operate their respective businesses and managing their respective financial affairs as debtors in possession.

No creditors' committee has yet been appointed in these cases.

This Court has jurisdiction over these chapter 11 cases and this Motion pursuant to 28 U.S.C. §§ 1334 and 157(b), and venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. General Background.

HREP and ETP are "sister" California limited liability partnerships with a common limited partner, related general partners, a common guarantor, and a number of common creditors.

HREP and ETP each are engaged in the business of commercial real estate development and operation in West Covina, California. HREP owns and operates a retail/office center known as the West Covina Village Shopping Center (the "**Shopping Center**"), while ETP owns and operates an office tower known as the Wells Fargo Bank Tower (the "**Tower**" and, together with the Shopping Center, the "**Property**").

The Property has been managed by an affiliate of the Debtors, Hassen Development Corporation ("**HDC**") (as successor to Hassen Development Company), for approximately twenty-eight years. HDC manages the development and leasing of the Property.

### C. Secured Loans.

HREP and ETP are each a borrower under one of two promissory notes (the "**HREP Note**" and the "**ETP Note**" respectively and together the "**Notes**"), both dated November 21, 2006

and each in the principal amount of $41 million. The Notes and various documents directly related thereto, including two documents titled "Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing" (each a "**Deed of Trust**") between Column Financial, Inc. ("**Column**") and HREP and ETP, respectively, are collectively referred to as the "**Loan Documents**" herein. The Debtor's obligations under the Notes are cross-collateralized, and the Loan Documents with respect to each contain cross-default provisions. HREP's obligations under the HREP Note are secured by a first priority lien on the Shopping Center and ETP's obligations under the ETP Note are secured by a first priority lien on the Tower. Both Notes are further secured by substantially all of the Debtors' property, including the Property, cash, leases and rents (the "**Collateral**").

The lender under both Notes, Column Financial, Inc., sold the loans to Credit Suisse First Boston Mortgage Securities Corp. ("**Credit Suisse**"). As explained in the accompanying Declaration of Tarek Alhassen in Support of First Day Motions (the "**Alhassen Declartion**"), it is the Debtors' understanding that Credit Suisse then "securitized" both loans and a pool of loans to other borrowers via the Credit Suisse Commercial Mortgage Trust 2006-C5 (the "**Securitization Trust**"). The representatives of the Securitization Trust are KeyCorp Real Estate Capital Markets, Inc. d/b/a KeyBank Real Estate Capital ("**KeyCorp**") as "Master Servicer," LNR Partners, Inc. ("**LNR**") as "Special Servicer," and Wells Fargo Bank, N.A. ("**Wells**") as trustee.

It is the Debtors' further understanding that the HREP Note and ETP Note are now held by CSMC 2006-C5 Azusa Avenue Limited Partnership (the "**Azusa Partnership**") and CSMC 2006-C5 Barranca Street Limited Partnership (the "**Barranca Partnership**" and, together with Azusa Partnership, the "**Lenders**"), respectively, and LNR acts as the "Special Asset Manager" for both these Partnerships. As of the Petition Date, Azusa Partnership contends that HREP owes approximately $48.6 million on account of the HREP Note, and Barranca Partnership contends that ETP owes approximately $50.5 million on account of the ETP Note.

The Loan Documents established various reserve accounts ("**Reserve Accounts**"), which were funded by the Debtors. Most significantly, the ETP Deed of Trust established a $4,250,000 reserve that was funded by ETP on or about November 21, 2006 (the "**Earnout Reserve**"). ETP contends that the Securitization Trust and its representatives wrongfully refused to

release $3.5 million of the funds in the Earnout Reserve, in face of ETP's satisfaction of all conditions precedent to such release. The total amount of all of the Debtors' funds currently held in the Reserve Accounts is almost $5.1 million, consisting of $4,564,668.32 of ETP funds and $531,271.40 of HREP funds.

Prior to the Petition Date, ETP satisfied all conditions to the release of $3.5 million of the Earnout Reserve, and KeyCorp approved release of such funds to ETP; however, KeyCorp's approval was subsequently overturned by LNR. During the same period, the poor condition of the general economy began to affect the Debtors as certain tenants became delinquent on their rent. Additionally, ETP was compelled by LNR to make significant deposits into a tax impound account during the period December 2008 through April 2009. As a result, ETP was unable to make its April 2009 payment on the ETP Note, and ETP's default automatically triggered the default of HREP's Note.

**D. Events Leading to the Bankruptcy Filing.**

The Debtors, subsequently, entered into a series of forbearance agreements with the Lenders and, in connection therewith, entered into a further agreement that required all cash flow from the Property (i.e., monthly tenant payments from the Shopping Center and Tower) to be deposited directly into an Excess Cash Flow Account established at KeyBank, which is, upon information and belief, affiliated with the Master Servicer, KeyCorp. Each month, the Lenders would disburse sufficient funds to the Debtors to pay the operating and maintenance expenses of the Property, pursuant to an agreed upon budget.

As of the Petition Date, the Debtors are operating on a cash flow positive basis, but the positive margin is insufficient to cure the delinquencies under the Loan Documents. During the forbearance period, the Lenders and Debtors discussed refinancing the Notes. After months of negotiations with representatives of the Lenders, the Debtors have not been able to reach a consensual loan modification. As a result of this impasse, the Lenders informed the Debtors that they would not postpone the foreclosure sale of the Property that was scheduled for April 11, 2011.

The Debtors were therefore left with no choice but to file these chapter 11 cases to reorganize and preserve the Debtors' operating business to maximize value for the Debtors' creditors.

**ARGUMENT**

Under Bankruptcy Rule 1015(b) and Local Rule 1015-1(b), this Court may order the joint administration of the estates of related debtors. *See* Fed. R. Bankr. P. 1015(b) and LBR 1015-1(b). Joint administration is common when a group of related business entities with intertwined affairs file for chapter 11 relief. *See* 9 *Collier on Bankruptcy* ¶ 1015.03 (Rev. 15th ed. 2009). As explained in the Official Committee Note to Bankruptcy Rule 1015(b), joint administration expedites cases and reduces their overall cost:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Courts have liberally allowed joint administration of related cases to promote procedural convenience and cost efficiencies. *See In re Avery*, 377 B.R. 264, 271 (Bankr. D. Alaska 2007) ("Joint administration is a procedural tool permitting use of a single docket for administrative matters . . . that may aid in expediting the cases.") (quoting *In re Reider*, 31 F.3d 1102, 1109 (11th Cir. 1994)); *In re Brookhollow Assocs*., 435 F. Supp. 73 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"), *aff'd*, 575 F.2d 1003 (1st Cir. 1978); *In re McKenzie Energy Corp*., 228 B.R. 854, 857 (Bankr. S.D. Tex. 1998); *In re Steury*, 94 B.R. 553, 553-54 (Bankr. N.D. Ind. 1988); *In re H&S Transportation Co.,* 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985).

Joint administration is appropriate in these cases because of the following facts:

a. The Debtors are closely related entities, sharing common management and ownership. HREP and ETP also share a common executive office at 100 North Barranca Avenue, Suite 900, West Covina, California;

b. There is a substantial overlap in the Debtors' creditors. HREP and ETP are the obligors under two different secured loans with Column Financial, Inc. that are

not only cross-defaulted and cross-collateralized, but also guaranteed by one of their common owners, Ziad Alhassen. Jointly administering the estates will eliminate the unnecessary and expensive duplication of effort and paper that would be caused by requiring the Debtors to prepare and serve the same creditors with duplicative sets of differently captioned, but substantively identical papers; and

c. Due to the integrated manner in which the Debtors operate their business, some creditors may be uncertain as to which Debtor is their obligor. Joint administration of the estates would provide each creditor with notice of all matters relating to both of the Debtors, thereby insuring that creditors are fully informed of all matters potentially affecting their claims.

Joint administration will greatly reduce the cost of administering the Debtors' cases and would eliminate the substantial waste, unnecessary paperwork, duplication, and confusion that would otherwise be created by maintaining separate pleadings dockets for these related cases. Most motions and other pleadings filed in these cases will concern both of the Debtors. If such motions (and the related responses and other pleadings) were required to be filed separately in each affected Debtor's case, it is likely that the only material difference among each set of pleadings would be the caption. Thus, requiring each Debtor to file separate pleadings in each matter would entail considerable duplication and additional paperwork at substantial cost, without generating any additional benefit to creditors.

Joint administration of the Debtors' cases will also benefit creditors, because creditors who respond to motions affecting most or all of the Debtors, or who file their own motions affecting most or all of the Debtors, will not be forced to prepare and file multiple sets of papers that may be identical except for the captions.

No creditor will be prejudiced by joint administration. In accordance with Local Rule 1015-1(b)(3), joint administration is merely procedural; it has no impact on creditors' substantive rights. *See Avery*, 377 B.R. at 271 ("Joint administration is a procedural tool . . . . Used as a matter of convenience and cost saving, it does not create substantive rights"); *In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) ("The purpose of joint administration is to make case

administration easier and less expensive than in separate cases, without affecting the substantive rights of creditors . . . ."); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Blair*, 226 B.R. 502, 505 (Bankr. D. Me. 1998). Nothing in this Motion is intended nor should be construed as seeking substantive consolidation of any kind. Further, the Debtors are *not* requesting that the Court maintain a joint claims register; the Debtors intend for each Debtor to have a separate claims register unless the Court orders otherwise.

In short, jointly administering both of the Debtors' cases will avoid unnecessary duplication and paperwork without prejudicing any creditors' substantive rights.

## CONCLUSION

**WHEREFORE,** based on the arguments and authorities set forth above, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit "1", pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1(b), authorizing the joint administration of their cases. The Debtors further request that such order direct that all pleadings relating to any of the Debtors' cases: (i) bear a joint caption, substantially in the form of Exhibit "2" attached hereto, (ii) be maintained by the court clerk under a single pleading docket in the ETP bankruptcy case, and (iii) provide such other and further relief as this Court deems just and necessary.

DATED: April 10, 2011

*/s/ Christine M. Pajak*

THEODORE B. STOLMAN,
MARINA FINEMAN,
CHRISTINE M. PAJAK, and
H. ALEXANDER FISCH, Members of
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
[Proposed] Reorganization Counsel for Debtors
and Debtors in Possession

THEODORE B. STOLMAN (State Bar No. 52099),
MARINA FINEMAN (State Bar No. 193065),
CHRISTINE M. PAJAK (State Bar No. 217173), and
H. ALEXANDER FISCH (State Bar No. 223211), Members of
STUTMAN, TREISTER & GLATT PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
E-mails: tstolman@stutman.com
mfineman@stutman.com
cpajak@stutman.com
afisch@stutman.com

[Proposed] Reorganization Counsel for Debtors and Debtors in Possession

Debtors' Mailing Address:
100 North Barranca Avenue, Suite 900
West Covina, California 91791

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES**

| | |
|---|---|
| In re:<br><br>HASSEN REAL ESTATE PARTNERSHIP, a California limited partnership,<br><br>EASTLAND TOWER PARTNERSHIP, a California limited partnership,<br><br>Debtors.<br><br>Tax I.D. Nos. 95-3970215 and 95-3970217 | Case No.: 2:11-bk-25499-RN<br><br>Chapter 11<br><br>**[Proposed] ORDER AUTHORIZING *EX PARTE* MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION** |



549860v1

Upon review and consideration of the "*Ex Parte* Motion For Order Authorizing Joint Administration" (the "**Motion**"), filed by Hassen Real Estate Partnership ("**HREP**") and Eastland Tower Partnership , the debtors and debtors in possession in the above-captioned cases (together, the "**Debtors**"), the accompanying "Declaration Of Tarek Alhassen In Support Of First Day Motions," and all other pleadings and evidence submitted in connection with the Motion, the Court hereby finds that good cause exists for the relief requested in the Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Debtors' bankruptcy cases will be jointly administered under the docket number of HREP, which is Case Number 2:11-bk-25499-RN.

3. All pleadings, other than proofs of claim, relating to the Debtors' cases will bear a joint caption, substantially in the form of Exhibit "2" attached to the Motion, and will be maintained by the court clerk under a single pleading docket.

4. A combined service list will be used for the Debtors' cases and combined notices will be sent to creditors of the Debtors' estates.

PRESENTED BY:

*/s/ Christine M. Pajak*
THEODORE B. STOLMAN,
MARINA FINEMAN,
CHRISTINE M. PAJAK, and
H. ALEXANDER FISCH, Members of
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
[Proposed] Reorganization Counsel for
Debtors and Debtors in Possession

###

Exhibit 2

THEODORE B. STOLMAN (State Bar No. 52099),
MARINA FINEMAN (State Bar No. 193065),
CHRISTINE M. PAJAK (State Bar No. 217173), and
H. ALEXANDER FISCH (State Bar No. 223211), Members of
STUTMAN, TREISTER & GLATT PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600
Facsimile: (310) 228-5788
E-mails: tstolman@stutman.com
mfineman@stutman.com
cpajak@stutman.com
afisch@stutman.com

[Proposed] Reorganization Counsel for Debtors and Debtors in Possession

Debtors' Mailing Address:
100 North Barranca Avenue, Suite 900
West Covina, California 91791

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES**

In re:

HASSEN REAL ESTATE PARTNERSHIP, a California limited partnership,

EASTLAND TOWER PARTNERSHIP, a California limited partnership,

Debtors.

Tax I.D. Nos. 95-3970215 and 95-3970217

Case No.: 2:11-bk-25499-RN

Chapter 11

(Jointly Administered)

[**Name of Pleading]**

Hearing

Date: __________
Time: __________
Place: Courtroom ___
255 East Temple Street
Los Angeles, CA 90012



539881v1