**BRYAN CAVE LLP**
H. Mark Mersel, CSB No. 130382
  mark.mersel@bryancave.com
Sheri Kanesaka, CSB No. 240053
  sheri.kanesaka@bryancave.com
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone:  (949) 223-7000
Facsimile:  (949) 223-7100

Attorneys for Secured Creditor
CSMC 2006-C5 AZUSA AVENUE LIMITED PARTNERSHIP

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:11-bk-25499-ER |
| HASSEN REAL ESTATE PARTNERSHIP, a California limited partnership, | Chapter 11 |
| Debtor and Debtor-in-possession. | **SECURED CREDITOR'S OPPOSITION TO DEBTOR'S *EX PARTE* MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION** |
| Tax I.D. Nos. 95-3970215 | [Hearing requested] |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND THE DEBTOR AND ITS COUNSEL OF RECORD:**

Secured Creditor CSMC 2006-C5 Azusa Avenue Limited Partnership ("Azusa" or "Lender") hereby submits this Opposition ("Opposition") to Hassen Real Estate Partnership's ("Debtor" or "Hassen") Ex Parte Motion for Order Authorizing Joint Administration ("Motion") with case number 1:11-bk-25500-BR, *In re Eastland Tower Partnership* ("Eastland," and together with Hassen, the "Debtors").

**I.  INTRODUCTION.**

Joint administration of the cases should not be granted at this time because: (1) the Debtors have not established that they are "affiliates" as defined in the Bankruptcy Code, nor that there is a basis for joint administration under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP"); and (2) creditors and interested parties have had no opportunity to assess whether potential conflicts of interests exist between the estates in light of the Debtors' motion to extend the time to file their Schedules and Statements.

**II.  FACTUAL BACKGROUND.**

**A.  The Hassen Real Estate Partnership Loan.**

1. On or about November 21, 2006, the Debtor, a California limited liability company, borrowed the principal amount of $41,000,000.00 ("Hassen Loan") from Column Financial, Inc. ("Original Lender").

2. The Hassen Loan is evidenced by, among other things, a promissory note ("Hassen Note") dated November 21, 2006, and executed by Hassen Real Estate Corporation, a California corporation ("Hassen Corp."), as the general partner of Hassen.

3. The Hassen Note is secured by, among other things, that certain Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing ("Hassen Deed of Trust") dated November 19, 2006, executed by Hassen Corp. as the general partner of Hassen, for the benefit of the Original Lender.  The Hassen Deed of Trust encumbers real property commonly known as 310 North Azusa Avenue, West Covina, California ("Hassen Property"), in the Los Angeles County Recorder's Office on November 27, 2006 as Document Number 06-2606929.

4. The Hassen Note is also secured by that certain Assignment of Leases and Rents ("Hassen Assignment of Rents," collectively with the Hassen Note and the Hassen Deed of Trust, the "Hassen Loan Documents") dated November 19, 2006, executed by Hassen Corp. as the general partner of Hassen, for the benefit of the Original Lender, and recorded against the Hassen Property in the Los Angeles County Recorder's Office on November 27, 2006, as Document Number 06-2606930.

1     5.     Pursuant to allonges to the Hassen Note and assignment deeds of trust, Lender is the current owner and holder of the Hassen Loan Documents.

**B.**     <u>**The Eastland Tower Partnership Loan.**</u>

6.     On or about November 21, 2006, Eastland borrowed the principal amount of $41,000,000.00 ("Eastland Loan") from Original Lender.

7.     The Eastland Loan is evidenced by, among other things, a promissory note ("Eastland Note") dated November 21, 2006, and executed by Hassen Eastland Corporation, a California corporation ("Eastland Corp."), as the general partner of Eastland.

8.     The Eastland Note is secured by, among other things, that certain Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing ("Eastland Deed of Trust") dated November 19, 2006, executed by Eastland Corp. as the general partner of Eastland, for the benefit of the Original Lender.  The Eastland Deed of Trust encumbers real property commonly known as 100 North Barranca, West Covina, California ("Eastland Property," and together with the Hassen Property, the "Properties"), in the Los Angeles County Recorder's Office on November 27, 2006 as Document Number 06-2606918.

9.     The Eastland Note is also secured by, among other things, that certain Assignment of Leases and Rents ("Eastland Assignment of Rents," and collectively with the Eastland Note and the Eastland Deed of Trust, the "Eastland Loan Documents") dated November 19, 2006, executed by Eastland Corp. as the general partner of Eastland, for the benefit of the Original Lender, and recorded against the Eastland Property in the Los Angeles County Recorder's Office on November 27, 2006, as Document Number 06-2606920.

10.     Pursuant to allonges to the Eastland Note and assignment deeds of trust, a different entity from Lender, CSMC 2006-C5 BARRANCA STREET LIMITED PARTNERSHIP ("Barranca"), is the current owner and holder of the Eastland Loan Documents.

**C.    Other Relevant Facts.**

11.    The Hassen Property and the Eastland Property are two separate and distinct commercial properties, one a retail center, and one an office tower, in West Covina, California.

12.    Hassen refers to the Hassen Property as the "Shopping Center" while Eastland refers to the Eastland Property as the "Tower." (Motion, p. 3.) Both are managed by Hassen Development Corporation ("HDC"), an "affiliate" of the Debtor, who also manages the development and leasing of both the Shopping Center and Tower. (*Id.*)

13.    The Debtors contend that joint administration is appropriate in these cases because the Debtors are "sister" partnerships, share common ownership and management, and share a common executive office at 100 North Barranca Avenue. (*Id.* at pp. 3, 6.) The Debtors also contend that there is substantial overlap in the Debtors' creditors, and that the Loans are guaranteed by one of their "common owners." (*Id.* at p. 7.) The Debtors also contend that "[d]ue to the integrated manner in which the Debtors operate their business, some creditors may be uncertain as to which Debtor is their obligor." (*Id.*)

14.    On April 10, 2011, the Debtors filed an emergency motion for an extension of time to file Schedules and Statements ("Motion for Extension of Time"). (Docket No. 3.) The Motion for an Extension of Time provides that "[g]iven the . . . Debtors' limited staff, it will take substantial time for the Debtors to analyze and compile the information needed to complete its Schedules and Statements." (*Id.* at p. 7.)

**III.    ARGUMENT**

**A.    The Debtors Are Not "Affiliates" Within the Meaning of FRBP 1015(b).**

The court's authority to order the joint administration of bankruptcy cases is set forth in Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. FRBP 1015(b) provides in relevant part: "If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015.

///

"Affiliate" is defined in § 101(2) as:

(A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities--

    (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

    (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

(B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities--

    (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

    (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

(C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

(D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101.

In the Motion and supporting Tarek Alhassen declaration ("Alhassen Decl."), the Debtors assert simply that they "are 'sister' California limited liability partnerships with a common limited partner, related general partners, a common guarantor, and a number of common creditors." (Motion, p. 3; Alhassen Decl. ¶ 7.) The Motion and Alhassen Declaration also assert that "[t]he Debtors are closely related entities, sharing common management and ownership." (Motion, p. 6; Alhassen Decl. ¶ 20(a).) However, these allegations do not satisfy the standards for joint administration.

First, none of the other factors cited by the Debtors support a finding that the Debtors are "affiliates" within the meaning of § 101(2) and FRBP 1015(b)(4), as cited above. Furthermore, the Debtors' assertion that they share "common ownership" is false because the Debtors' general partners are separate and distinct California corporations (Hassen Corp. and Eastland Corp). In addition, the Debtors have not disclosed the owners/shareholders of the general partners. Thus, the Debtors have not established that

BRYAN CAVE LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CALIFORNIA 92612-4414

1  they are affiliates that may be jointly administered pursuant to FRBP 1015(b).

2      **B.**    **The Court Should Deny Joint Administration Pending Review of the**
3           **Debtors' Schedules and Statements to Determine if Any Potential**
4           **Conflict of Interest Exists Between the Estates.**

5  While joint administration may "aid in expediting the cases" and may be used as a
6  "matter of convenience and cost saving," "[b]efore entering an order for joint
7  administration, 'the court shall give consideration to protecting creditors of different
8  estates against potential conflicts of interest.'" *In re Avery,* 377 B.R. 264, 271 (Bankr. D.
9  Alaska 2007) (Court denying joint administration where a potential conflict of interest
10  between the estates existed); Fed. R. Bankr. P. 1015(b). Courts have denied joint
11  administration of cases even if it would save costs and expenses, where a potential conflict
12  of interest exists between the estates to be jointly administered. *Avery*, 377 B.R. at 271; *In*
13  *re United Church of the Ministers of God*, 74 B.R. 271, 279 (Bankr. E.D. Pa. 1987).
14  First, the cases here involve only two entities and not multiple entities and cases.
15  Thus, the potential cost savings and convenience of joint administration may be minimal.
16  Second, the Lender and other creditors are unable to determine whether any potential
17  conflict of interest exists between the estates such that joint administration should be
18  denied. The Debtors filed a Motion for an Extension of Time to file their required
19  bankruptcy Schedules and Statements. Pursuant to the Motion for an Extension of Time,
20  the Debtors state that "[g]iven the . . . Debtors' limited staff, it will take *substantial time*
21  for the Debtors to analyze and compile the information needed to complete its Schedules
22  and Statements." (Docket No. 3, emphasis added.) The Lender should be afforded
23  adequate time to review the Schedules and Statements and determine whether a conflict
24  exists. In addition, in light of Eastland's contentions against Barranca, as described in the
25  moving papers, and Hassen's alleged default as a result of Eastland's default, a potential
26  conflict of interest may already exist such that joint administration is not appropriate.
27  / / /
28  / / /

IV. **CONCLUSION.**

Based on the foregoing, the Lender respectfully requests that the Court deny the Debtor's Motion for Joint Administration at this time.

Dated: April 11, 2011

Respectfully submitted,

H. Mark Mersel
Sheri Kanesaka
BRYAN CAVE LLP

By: /s/ *H. Mark Mersel*
    H. Mark Mersel
Attorneys for Secured Creditor
CSMC 2006-C5 AZUSA AVENUE LIMITED PARTNERSHIP

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3161 Michelson Drive, Suite 1500, Irvine, CA  92612-4414**

A true and correct copy of the foregoing document described as **OPPOSITION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *April 11, 2011*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

cpajak@stutman.com
ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On *April 11, 2011,* I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**VIA REGULAR MAIL:  Debtor**
**Hassen Real Estate Partnership**
100 North Barranca Avenue,  Suite 900
West Covina, CA 91791-1600

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *April 11, 2011,* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
**[Via Personal Delivery]**
Hon. Ernest M. Robles, United States Bankruptcy Court - Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 11, 2011 | Gloria L. Gomez | */s/  Gloria L. Gomez* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**